ON REHEARING
A rehearing was granted in this case to determine whether Greyhound Lines, Inc., is entitled to a remand under the particular circumstances of this case. At the close of plaintiffs’ case, Greyhound was dismissed on a directed verdict pursuant to LSA-C. C.P. art. 1810.1 As we erred in definitively finding Greyhound at fault at this time based on the alleged concurrent negligence of its driver, we remand these cases to afford Greyhound an opportunity to present evidence in its defense.
In the recent Supreme Court case of Aetna Casualty and Surety Company v. Nero, 425 So.2d 730 (La.1983), it was held that the Court of Appeal should not have rendered judgment against the defendant on appeal when the trial judge had granted a motion to dismiss under LSA-C.C.P. art. 1810 and the defendant had no opportunity to present defense evidence. The Court noted that Code of Civil Procedure Article 1810:
... clearly states that ‘any party without waiving his right to offer evidence in the event that the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief.’ In the event that the motion is granted by the trial court and later reversed by the Court of Appeal, the defendant who made the motion has certainly not waived [the] right to present [defense evidence].
Clearly, Greyhound has the right to present evidence which might exonerate it from the potential liability facing it in this lawsuit.
Accordingly, and for the above reasons, these cases are remanded for trial consistent with the reasons set out in this decision. Costs of this appeal are to be borne equally by Lucille Greco Hebert, Patterson and Ed-monson Construction Company and Greyhound Lines, Inc. All other costs are to await final disposition of the case.
REMANDED.